Michael Gerard Fletcher (State Bar No. 070849)
  mfletcher@frandzel.com
Michael J. Gomez (State Bar No. 251571)
  mgomez@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Secured Creditor Cathay Bank

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>2900 LAKESHORE DRIVE LLC,<br><br>Debtor. | CASE No.: 10-31819-DM<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF CATHAY BANK'S MOTION FOR ENTRY OF AN ORDER TERMINATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**<br><br>Date: June 17, 2010<br>Time: 9:30 a.m.<br>Ctrm: 22<br>  235 Pine Street, 22nd Floor<br>  San Francisco, CA 94104 |

TO: THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE

Cathay Bank (the "Bank") submits this Reply[1] to the Opposition to Motion For Order Terminating the Automatic Stay (362(d)(1)) (the "Opposition") of 2900 Lakeshore Drive, LLC (the "Debtor"). The Bank respectfully represents as follows:

## I.
## INTRODUCTION

The Debtor's arguments are completely inadmissible, irrelevant, and spurious.[2] The Debtor poses three arguments in opposition to the Bank's Motion, none of which are germane to a motion for relief from stay. The Debtor does not refute the Bank or the Bank's showing of "cause" under 11 U.S.C. § 362(d)(1). Once a party established cause, the touchstone for continuing the automatic stay is adequate protection. The Debtor offered none. For purposes of continuing the automatic, the Debtor must show parties in interest are not being injured by the continuation of the stay. There is no dispute the Bank is being injured by the accrual of interest on the property tax claim.

## II.
## ARGUMENT

**A. The Motion is Not Premature**

---

[1] The Bank recognizes Bankruptcy Local Rule 4001-1 does not mention reply briefs for motions for relief from the automatic stay using the expedited fourteen day procedure of BLR 4001-1. The Bank files this Reply out of an abundance of caution, however, to clarify certain mischaracterizations in the Opposition and reserves its right to supplement this Reply should the Court set the Motion for a final hearing.

[2] The Debtor begins its Opposition by casting the blame of its <u>voluntary</u> filing for relief on the Bank. The Debtor inaccurately recounts that the Bank and the Debtor arrived at a forbearance agreement and the Debtor filed for bankruptcy simply because the Bank reneged on the agreement. Opp'n, p. 2, lns 9-15. Any negotiations between the Bank and the Debtor are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence. The Bank objects to the introduction of such evidence and/or allegations on such grounds. Moreover, no such agreement was ever executed. Interestingly, the Debtor also failed to submit any evidence whether in the form of declarations or otherwise in support of this position, relying on counsel's statements and irrelevant allegations in its Opposition instead.

719358.1 | 023000-0741

1

REPLY IN SUPPORT OF MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY

Case: 10-31819  Doc# 38  Filed: 06/16/10  Entered: 06/16/10 14:24:58  Page 2 of 9

The Debtor begins by arguing the Motion is premature. No matter whether a case is in its first day or its sixth month, creditors are entitled to adequate protection for the use of property in which they have an interest. *See* 11 U.S.C. § 363(e) (creditors with an interest in property used by the debtor are entitled to adequate protection "**at any time**") (emphasis added); 11 U.S.C. § 363(p)(1) (debtor bears burden of proof as to adequate protection); *see also In re Townley*, 256 B.R. 697, 700 (Bankr. D.N.J. 2000) ("right of a secured creditor to the value of its collateral is a property right protected by the Fifth Amendment. Before the plan is confirmed, that property right is protected by the requirement of Code section 361."). Here, this case is entering its second month and the Bank's marginal equity cushion continues to dwindle. The Bank is thus entitled to adequate protection right now, not when the Debtor is finally able to propose a plan of reorganization which may be months away—or never.

B. **Whether the Property is Essential to a Reorganization is Irrelevant and Refuted by the Debtor's Own Statements**

The Debtor also argues the Property[3] is essential to its reorganization because it is necessary for its action against the Diocese for fraud and negligence. In the meantime, the Debtor admits it cannot effectively market the Property for lease until asbestos is removed from the Property. Opp'n, p. 5, lns 11-14. First, whether certain property is essential to reorganization is wholly irrelevant for purposes of § 362(d)(1). The necessity of property for an effective reorganization is an element for relief from the automatic stay under § 362(d)(2), not § 362(d)(1). Second, the Debtor's ownership of the Property is not necessary for the maintenance of its action against the Diocese. The elements for fraud and negligence do not include property ownership. Third, removing asbestos is not an overnight process. Thus, it could potentially be months before the Property is ready to be leased and useful, much less effective, for any reorganization. Essentially, in its current state, the Property is not necessary for an effective reorganization because the Debtor admitted it will create a burden on the Estate before it can ever be used

---

[3] Unless otherwise defined in this document, defined terms refer to terms previously defined in the Bank's Motion.

719358.1 | 023000-0741

2

REPLY IN SUPPORT OF MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY

Case: 10-31819  Doc# 38  Filed: 06/16/10  Entered: 06/16/10 14:24:58  Page 3 of 9

towards the reorganization. The Debtor has no ability to rehabilitate the Property.

C. **The Bank is Not Adequately Protected**

The Debtor's last argument posits the Bank is adequately protected because the Property is insured and because the guarantors of the indebtedness secured by the Property offered the Bank adequate protection. According to the Debtor, the Bank, the Debtor, and the guarantors purportedly executed a settlement agreement in December 20009. Opp'n p. 6, lns 12-14. No such agreement exists. The Debtor has not offered it because it does not exist. The Bank, the Debtor, and the guarantors never arrived at a settlement. Moreover, any allegations regarding such discussions are inadmissible pursuant to Rule 408 of the Federal Rules of Evidence and the Bank objects to their introduction on those grounds. *See* footnote 2 *supra*. There is also no admissible evidence that the Property is insured.

Further, the Debtor's argument is completely specious. Even if the guarantors own millions of dollars worth of property, the Bank has no lien on such property. Is it being offered to the Bank here? The Bank's applications for writs of attachment against the guarantors have been continued to July 20, 2010. *See* Exhibit 1, Docket History for Case No. RG09-470678 pending in the Superior Court for Alameda County.[4] Thus, the Bank has not even obtained a writ of attachment from the Superior Court which it can levy upon property of the guarantors. No lien is created until the writ of attachment is levied on specific property. California Code of Civil Procedure § 488.500(a) ("A levy on property under a writ of attachment creates an attachment lien on the property from the time of the levy until the expiration of the time provided by Section 488.510."). Therefore, the Bank has no lien on property of the guarantors or even a judicial determination that it has the right to have such lien created.

In addition, the value of property is only one side of an equation. If a property is overencumbered, encumbered to the point where the lien is not fully secured, or the owner of the property cannot service the debt evidenced by the senior liens, the existence of a lien on property

---

[4] The Bank respectfully requests the Court take judicial notice of the docket pursuant to Rule 201 of the Federal Rules of Evidence.

719358.1 | 023000-0741

3

REPLY IN SUPPORT OF MOTION FOR ORDER TERMINATING THE AUTOMATIC STAY

may be valueless. Consequently, assuming the Bank even had a lien on the property of the guarantors (which it does not) and assuming that the guarantors' property were worth millions of dollars (as to which there is no evidence), the Bank's lien may be worthless because of other encumbrances on the property. The Debtor presented no evidence or allegation that the guarantors' property is not encumbered or that the guarantors can service the debt evidenced by the encumbrances or of any property value. *See* Opp'n, p. 6, lns 20-25. Also, because of lack of insurance, if some unforeseen calamity befell the property upon which the Bank were to have a lien, the Bank's lien would become worthless because the Bank is not a named insured.

### III.

### CONCLUSION

For the foregoing reasons, the Bank respectfully requests that the Court enter an order terminating the automatic stay, waiving the 14-day stay imposed by Fed. R. Bankr. P. 4001(a)(3), direct the order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

DATED: June 16, 2010

Respectfully submitted,
FRANDZEL ROBINS BLOOM & CSATO, L.C.
MICHAEL GERARD FLETCHER
MICHAEL J. GOMEZ


By: /s/ Michael J. Gomez
MICHAEL J. GOMEZ
Attorneys for Cathay Bank

**Exhibit 1**

Case: 10-31819  Doc# 38  Filed: 06/16/10  Entered: 06/16/10 14:24:58  Page 6 of 9

0005

| Date | Description | | |
|---|---|---|---|
| 08/26/09 | Complaint - Collections Filed | | |
| 08/26/09 | Civil Case Cover Sheet Filed for Cathay Bank | | |
| 08/26/09 | Summons on Complaint Issued and Filed | | |
| 08/27/09 | Initial Case Management Conference 01/12/2010 08:30 AM D- 18 | | |
| 08/27/09 | Notice of Assignment of Judge for All Purposes Issued | | |
| 10/06/09 | Proof of Service on Complaint As to Michael G. Day Filed | | |
| 10/06/09 | Proof of Service on Complaint As to 2900 Lakeshore Drive LLC Filed | | |
| 10/06/09 | Proof of Service on Complaint As to Nariman Teymourian Filed | | |
| 10/30/09 | Hearing Reset to Initial Case Management Conference 01/12/2010 08:30 AM D-510 | | |
| 11/02/09 | Notice of Judicial Reassignment for All Purposes Issued | | |
| 11/13/09 | Answer to Complaint Filed for 2900 Lakeshore Drive LLC, Michael G. Day, Nariman Teymourian | | |
| 11/17/09 | Notice of Continued Case Management Conference Filed | | |
| 12/02/09 | Application for Writ of Attachment Filed for Plaintiff | | |
| 12/02/09 | Application for Writ of Attachment Hearing Confirmed for 01/12/2010 04:00 PM D-510 | | |
| 12/02/09 | Application for Writ of Attachment Filed for Plaintiff | | |
| 12/02/09 | Application for Writ of Attachment Hearing Confirmed for 01/12/2010 04:00 PM D-510 | | |
| 12/02/09 | Memorandum of Points and Authorities in Support Filed | | |
| 12/24/09 | Case Management Statement of Cathay Bank Filed | | |
| 12/28/09 | Case Management Statement of 2900 Lakeshore Drive LLC, Michael G. Day, Nariman Teymourian Filed | | |
| 01/05/10 | Notice of Opposition to Application for Right to Attach Order;Claim of Exemption Filed | | |
| 01/05/10 | Declaration of Michael G Day in Opposition to Cathay bank's Application for Right to Attach Order an | | |
| 01/05/10 | Notice of Opposition to Application for Right to Attach Order; Claim of Exemption Filed | | |

Case: 10-31819   Doc# 38   Filed: 06/16/10   Entered: 06/16/10 14:24:58   Page 7 of 9

| Date | Description | | |
|---|---|---|---|
| 01/05/10 | Declaration of Nariman Teymourian in Opposition to Application for RTAO and Writ Filed | | |
| 01/05/10 | Opposition (Defts Michael G Day and Nariman Teymourian's) to Applications for RTAO and Writs Filed | | |
| 01/05/10 | Proof of Service Filed | | |
| 01/08/10 | Reply to opposition of defendants right to attach Filed | | |
| 01/11/10 | Notice of Related Case(s) Filed | | |
| 01/12/10 | Case Management Conference Commenced and Completed | | |
| 01/12/10 | Case Management Conference Order Issued | | |
| 01/12/10 | Case Management Conf Continuance 03/09/2010 08:45 AM D- 510 | | |
| 01/12/10 | Civil Law and Motion Hearing Commenced and Continued | | |
| 01/12/10 | Application for Writ of Attachment - Motion Rescheduled | | |
| 01/12/10 | Hearing Continued to Civil Law and Motion dept: 510 date: 03/02/2010 time: 04:00 PM | | |
| 01/12/10 | Civil Law and Motion Hearing Commenced and Continued | | |
| 01/12/10 | Application for Writ of Attachment - Motion Rescheduled | | |
| 01/12/10 | Hearing Continued to Civil Law and Motion dept: 510 date: 03/02/2010 time: 04:00 PM | | |
| 01/29/10 | Court File Transfer to Hayward Hall of Justice | | |
| 02/11/10 | Notice of Judicial Reassignment for All Purposes Issued | | |
| 02/19/10 | Hearing Reset to Initial Case Management Conference 03/11/2010 02:30 PM D-516 | | |
| 02/22/10 | Case Management Statement of Cathay Bank Filed | | |
| 02/24/10 | Hearing Vacated: Case Management Conf Continuance 03/09/2010 08:45 AM D-510 | | |
| 02/24/10 | Notice of of Case Reassignment Filed | | |
| 02/24/10 | Hearing Reset to Application for Writ of Attachment 04/30/2010 02:30 PM D- 516 | | |
| 02/24/10 | Hearing Reset to Application for Writ of Attachment 04/30/2010 02:30 PM D- 516 | | |
| 02/26/10 | Notice of case management conference Filed | | |
| 03/01/10 | Notice of Continuance of Hearing re: Applications for Right to Attach Orders Filed | | |

| Date | Event | | |
|---|---|---|---|
| 03/11/10 | Case Management Conference Commenced and Completed | | |
| 03/11/10 | Case Management Conference Order Issued | | |
| 03/11/10 | Case Management Conf Continuance 04/19/2010 02:30 PM D- 516 | | |
| 03/12/10 | Notice of Judicial Reassignment for All Purposes Issued | | |
| 03/12/10 | Hearing Reset to Case Management Conf Continuance 04/19/2010 08:45 AM D- 510 | | |
| 03/12/10 | Hearing Reset to Application for Writ of Attachment 04/30/2010 01:30 PM D- 510 | | |
| 03/12/10 | Hearing Reset to Application for Writ of Attachment 04/30/2010 01:30 PM D- 510 | | |
| 04/19/10 | Hearing Reset to Application for Writ of Attachment 07/20/2010 03:30 PM D- 510 | | |
| 04/19/10 | Hearing Reset to Application for Writ of Attachment 07/20/2010 03:30 PM D- 510 | | |
| 04/19/10 | Case Management Conference Commenced and Completed | | |
| 04/19/10 | Case Management Conference Order Issued | | |
| 04/19/10 | Case Management Conf Continuance 07/19/2010 08:45 AM D- 510 | | |

v

Case: 10-31819   Doc# 38   Filed: 06/16/10   Entered: 06/16/10 14:24:58   Page 9 of 9

0008